# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO AT CINCINNATI

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ROGER TATE | CASE NUMBER: 1:02-CR-00140(1) |
| | USM NUMBER: 03651-061 |

**DATE OF ORIGINAL JUDGMENT:** MARCH 25, 2003
(OR DATE OF LAST AMENDED JUDGMENT)

W. KELLY JOHNSON, ESQ.
DEFENDANT'S ATTORNEY

**REASON FOR AMENDMENT:**

■ CORRECTION OF SENTENCE ON REMAND (18 U.S.C. 3742(F)(1) AND (2))
■ REDUCTION OF SENTENCE FOR CHANGED CIRCUMSTANCES (FED. R. CRIM. P. 35(B))
☐ CORRECTION OF SENTENCE BY SENTENCING COURT (FED. R. CRIM. P. 35(A))
☐ CORRECTION OF SENTENCE FOR CLERICAL MISTAKE (FED. R. CRIM. P. 36)

☐ MODIFICATION OF SUPERVISION CONDITIONS (18 U.S.C. §§ 3563(C) OR 3583(E))
☐ MODIFICATION OF IMPOSED TERM OF IMPRISONMENT FOR EXTRAORDINARY AND COMPELLING REASONS (18 U.S.C. § 3582(C)(1))
☐ MODIFICATION OF IMPOSED TERM OF IMPRISONMENT FOR RETROACTIVE AMENDMENT(S) TO THE SENTENCING GUIDELINES (18 U.S.C. § 3582(C)(2))
☐ DIRECT MOTION TO DISTRICT COURT PURSUANT TO
  ☐ 28 U.S.C. § 2255 OR    ☐ 18 U.S.C. § 3559(C)(7)
☐ MODIFICATION OF RESTITUTION ORDER (18 U.S.C. § 3664)

THE DEFENDANT:
[✓] pleaded guilty to count(s): of the Information.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513(a) and 18 U.S.C. § 2 | Possession of a Counterfeit Security | 8/10/2002 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

March 8, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

S. ARTHUR SPIEGEL, United States Senior District Judge
Name & Title of Judicial Officer

3/8/06
Date

AO 245B (Rev. 06/05) Sheet 2 - Imprisonment

| CASE NUMBER: | 1:02-CR-00140(1) | Judgment - Page 2 of 5 |
|---|---|---|
| DEFENDANT: | ROGER TATE | |

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TIME SERVED, WHICH CONSTITUTES THE PREVIOUSLY SERVED PERIOD OF INCARCERATION OF THIRTY (30) MONTHS**.

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[ ]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before 2:00 p.m. on _____.
       [ ] as notified by the United States Marshal but no sooner than
       [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                                     UNITED STATES MARSHAL

                                       By  _____
                                                         Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| CASE NUMBER: | 1:02-CR-00140(1) | Judgment - Page 3 of 5 |
|---|---|---|
| DEFENDANT: | ROGER TATE | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWO (2) YEARS*** .

**Special Conditions of Supervision:**

(1) Defendant shall undergo a chemical dependency assessment and comply with any recommended treatment.
(2) Defendant is not permitted to make any purchases on existing lines of credit or open any new lines of credit until his restitution is paid in full.
(3) Defendant must disclose all financial information requested by the Probation Officer, and must comply with tax authorities file all tax returns by April 15, 2003.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 100.00   | $    | $ 4,748.00* |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Discover | $2,968.01 | $2,968.01 | |
| Paramount King's Island | $700.00 | $700.00 | |
| Econolodge | $100.00 | $100.00 | |
| GAP | $100.00 | $100.00 | |
| Eddie Bauer | $100.00 | $100.00 | |
| Talbot's | $100.00 | $100.00 | |
| Sur La Table | $100.00 | $100.00 | |
| Abercrombie and Fitch | $100.00 | $100.00 | |
| Radisson Hotel | $100.00 | $100.00 | |
| Hustler | $100.00 | $100.00 | |
| Boot Country and Work Country | $100.00 | $100.00 | |
| K&G | $100.00 | $100.00 | |
| Subway | $100.00 | $100.00 | |
| TOTALS: | $ $4,748.00* | $ $4,748.00* | |

*Note: Restitution amount reduced to $4,748.00 pursuant to the 6/10/2005 Order of the U.S. Court of Appeals for the Sixth Circuit.

[ ] Restitution amount ordered pursuant to plea agreement  $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [✔] The interest requirement is waived for the    [ ] fine    [✔] restitution.

  [ ] The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 06/05)  Sheet 6 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:02-CR-00140(1) | Judgment - Page 5 of 5 |
| DEFENDANT: ROGER TATE | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

    [ ] not later than   or
    [ ] in accordance with   [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B  [✔]  Payment to begin immediately (may be combined with   [ ] C   [ ] D, or   [✔] F below); or

C  [ ]  Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D  [ ]  Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [✔]  Special instructions regarding the payment of criminal monetary penalties:

    [✔]  If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.

    [✔]  After the defendant is release from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔]  Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):
    **Jeanette Tate, 1:02-cr-00140(2), $4,748.00**
[ ]  The defendant shall pay the cost of prosecution.
[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.