**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. CR-1-02-140-(1) |
| vs. | : | Judge Spiegel |
| ROGER TATE, | : | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255** |
| Defendant, | : | |

Now comes the United States of America and Gregory G. Lockhart, United States Attorney for the Southern District of Ohio, by Benjamin G. Dusing, Assistant United States Attorney for said District, and responds to Defendant's "writ of habeas corpus to vacate sentence or set aside or correct" under 28 U.S.C. § 2255, as follows.

**DEFENDANT'S MOTION IS FACTUALLY INCORRECT**

Defendant's motion may be dispatched in short order, because the motion does not make a legal argument but rests upon a factual assumption which is incorrect as indicated by a simple review of the docket sheet. Defendant complains that "[t]here is no record of the Defendant ever having a re-sentencing hearing." Defendant, however, is mistaken. The record plainly indicates that after the United States Court of Appeals for the Sixth Circuit vacated his original conviction and remanded for resentencing in light of *United States v. Booker,* 125 S. Ct. 738 (2005), a resentencing hearing was held on March 8, 2006 before this Court. At that time, Defendant's sentence was *decreased* from a term of 30 months imprisonment plus three years of supervised release to time served plus two years of supervised release. *See* Amended Judgment, Record 77. Thus, the underlying factual premise of Defendant's motion - specifically, that he was never resentenced upon

remand - is false.[1]

Because Defendant's sentence was reduced to time served upon resentencing, he would presently not be incarcerated but for a violation of his supervised release.[2]

## CONCLUSION

For the reasons outlined above, Defendant's motion is without merit and should be dismissed.

Respectfully Submitted,

GREGORY G. LOCKHART
United States Attorney

*s/ Benjamin G. Dusing*
BENJAMIN G. DUSING (0078572)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

---

[1] It should be noted as well that part of Defendant's complaint is that he was never brought back before the District Court for resentencing. While this is true, the record indicates that Defendant waived his appearance and was resentenced in abstentia. *See* Record 76.

[2] Supervised release jurisdiction was transferred to the District of Maryland at Baltimore on May 15, 2006. *See* Record 79. On July 30, 2006, Defendant's probation officer in Baltimore sent the District Court there - now vested with jurisdiction - a violation report based on several violations of Defendant's supervised release conditions, including submitting positive urinalysis tests, an intervening arrest, and failure to notify his probation officer of same. On August 15, 2006, the Honorable J. Frederick Motz of the United States District Court for the District of Maryland sentenced Defendant to 12 months and 1 day imprisonment for Defendant's violation of his supervised release.

## **CERTIFICATE OF SERVICE**

     This is to certify that a copy of the foregoing document has been served by U.S. mail upon Defendant, on this 18th day of December 2006.

                                    *s/ Benjamin G. Dusing*
                                    BENJAMIN G. DUSING (0078572)
                                    Assistant U.S. Attorney