```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

```
ROGER TATE,                    :
                               :  NO. 1:06-CV-00806
      Petitioner,              :     1:02-CR-00140(1)
                               :
   v.                          :
                               :  OPINION AND ORDER
UNITED STATES OF AMERICA,      :
                               :
      Respondent.              :
```

This matter is before the Court on Petitioner's Motion to Vacate Sentence (doc. 81), the United States' Response (doc. 84), and Petitioner's Reply (doc. 85). For the reasons indicated herein, the Court denies Petitioner's Motion.

**I. Background**

On March 25, 2003, the Court sentenced Petitioner to thirty months of imprisonment, having accepted his plea of guilty to possession of a counterfeit security, in violation of 18 U.S.C. §§ 513(a), and 2 (doc. 35). Petitioner appealed his sentence, and on June 10, 2005, the Sixth Circuit remanded his case for re-sentencing pursuant to <u>Booker v. United States</u>, 543 U.S. 220 (2005)(doc. 67). The Court, having determined that Petitioner lacked sufficient funds to retain counsel, appointed Petitioner counsel to represent him for re-sentencing (doc. 71). The record shows that Petitioner, who by the time of re-sentencing had already served his term of imprisonment, had relocated to Baltimore, Maryland (<u>Id</u>.). The record shows that Petitioner initially indicated to his counsel that he would voluntarily travel to this

district for re-sentencing (doc. 72). Then, Petitioner requested a continuance of his re-sentencing, so that he could testify in a criminal matter in the state of Georgia (doc. 73). The Court granted a continuance of re-sentencing until March 8, 2006 (doc. 76). At such hearing, Petitioner's counsel indicated that Petitioner waived his right to be present at the proceeding (doc. 76). The Court re-sentenced Petitioner in absentia to time served, with a reduction in supervised release from three years to two years, and reduced the restitution amount based on findings of the Court of Appeals (Id.).

Since Petitioner's re-sentencing, his supervised release was transferred to the United States District Court for the District of Maryland (doc. 79). A review of that court's docket shows that Petitioner has since violated his conditions of supervised release, and was sentenced to an amended judgment of nine months imprisonment with a supervised release term of twenty-two months (doc. 18, United States v. Tate, Case No. 1:06-CR-00224, (D. Maryland, October 13, 2006)).

**II. Petitioner's Motion and the Government's Response**

Petitioner premises his Motion to Vacate (doc. 81) on the theory that he was denied due process, as he alleges he "was never back in front of any Judge to be re-sentenced." The government responds that Petitioner's Motion is factually incorrect, as the record shows he was indeed re-sentenced on March 8, 2006, at which

time his sentence was decreased (doc. 84).  The government argues the record shows Petitioner waived his appearance and the Court re-sentenced him in absentia (Id.).

In his Reply, Petitioner argues that his due process was violated as he "never waived any hearing, was never given any written notice or agreement, neither (signed) nothing stating that I the Defendant was in agreement to have any re-sentencing hearing waived" (doc. 85).  Petitioner indicates he intends to pursue a claim of ineffective assistance of counsel against his attorney, who he argues misrepresented that Petitioner agreed to be sentenced in absentia (Id.).  Petitioner seeks to have an evidentiary hearing to have "the so-called signed waiver produced on the record" (Id.).

**III.  Discussion**

Having reviewed this matter, the Court does not find Petitioner's Motion to Vacate well-taken.  The Court accepts the representation of Petitioner's Counsel that Petitioner was unable to afford the costs of travel to this District for re-sentencing, and therefore waived the right to be present for re-sentencing. The Court finds no need for an evidentiary hearing to produce a signed waiver, as it is clear to the Court that Petitioner did not sign a waiver, but orally indicated to his Counsel by telephone that he could not make an appearance.

Even if, arguendo, the Court's conclusion is erroneous, and Petitioner did not orally waive his right to be present at his

-3-

re-sentencing, any error resulting from Petitioner's absence must be considered harmless.  The Court sentenced Petitioner to time-served, and the balance of his sentence was actually reduced, both in the amount of restitution owed and in the amount of time under supervised release.  "Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow." Snyder v. Massachussetts, 291 U.S. 97, 106-07 (1934)(overruled on other grounds by Malloy v. Hogan, 378 U.S. 1, 3 (1964)), United States v. Lampton, 158 F.3d 251 (5th Cir. 1998)(where no factual issues addressed at post-trial hearing about which Defendants could testify and neither Defendant identified any way in which their presence could have assisted in their defense, the Court found no violation under the Constitution or Fed. R. Crim. P. 43), United States v. Taylor, 562 F.2d 1345, 1360 (2d Cir. 1977)(where Defendant cannot show prejudice, absence can be considered harmless).  Should Petitioner have been present for his re-sentencing, the record is clear that any benefit to him would have been "but a shadow."  Snyder, 291 U.S. at 106-07.  Accordingly, the Court DENIES Petitioner's Motion to Vacate under 28 U.S.C. §2255 (doc. 81).

    SO ORDERED.

Date: May 16, 2007      /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge